# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION, CLEVELAND

```
-----------------------------------------------------------x
In re:                                  :   Case No. 25-12797-JPS
                                        :
R.W. SIDLEY, INC.                       :   Chapter 11
                                        :
                                        :   Chief Judge Jessica E. Price Smith
                                        :
            Debtor and                  :
            Debtor-in-Possession.       :
                                        :
(Employer Tax I.D. No. 34-0529112)      :
-----------------------------------------------------------x
```

**MOTION OF DEBTOR FOR ENTRY OF AN ORDER
(I) ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND
REIMBURSEMENT OF EXPENSES OF PROFESSIONALS ON A MONTHLY BASIS
AND (II) LIMITING SERVICE OF NOTICES
<u>OF HEARINGS ON INTERIM APPLICATIONS FOR COMPENSATION</u>**

The above-captioned debtor and debtor in possession (the "Debtor") hereby moves the Court for the entry of an order (i) establishing procedures for interim compensation and reimbursement of expenses of professionals on a monthly basis and (ii) limiting service of notices of hearings on interim applications for compensation.

In support of this Motion, the Debtor respectfully represents as follows:

## Background

1. On July 2, 2025 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"). The Debtor is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of the Debtor's chapter 11 case and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

3. R.W. Sidley, Inc., (the "Debtor") based in Painesville, Ohio, has a long history rooted in the construction and materials industries. The company was founded in 1933 by Robert W. Sidley in Painesville, Ohio which has since moved to Thompson, Ohio. The business began as a limestone quarry and mining operation, primarily supplying materials for local construction and roadwork. Over the decades, the Debtor expanded its business beyond limestone to serve a broader range of construction-related needs.

4. In the mid-20th century, the company began producing ready-mixed concrete, becoming a regional leader in concrete supply for both commercial and residential projects. The Debtor grew its offerings to include aggregates, sand, gravel, and precast concrete products. The Debtor developed a reputation for consistent quality and reliability in construction materials.

5. The Debtor became known for precast/prestressed concrete products, which are used in bridges, parking garages, and commercial buildings. They established manufacturing facilities to produce these specialized products. Beyond raw materials, the company expanded vertically into related industries, including block and masonry products, transportation and logistics services,

construction equipment rental and maintenance, and industrial minerals and engineered sands for filtration, foundry, and other industries.

6. Due to challenging market conditions and the need to satisfy the demands of secured lenders, the Debtor sold its ready-mix concrete division and silica sand business in 2024. The company's loan obligations to its secured creditors were satisfied with the sale proceeds. The company intended to pay its unsecured trade creditors from the funds due on May 22, 2025, from Great Sand, LLC ("Covia") as part of its performance holdback on the 2024 sale of the Debtor's silica sand business sales transaction. Unfortunately, Covia has elected not to pay the holdback funds, and the company is involved in a legal dispute with Covia.

7. The Debtor has other assets with which it can pay its debts; however, those assets are not readily available to the Debtor. Such assets include retainage from the Buffalo Bills stadium and the Pittsburgh airport projects, a $1,000,000 holdback from a sale and lease-back arrangement regarding the Debtor's batch plant, and proceeds of the Debtor's interest in a real estate development known as the Villages at Casement through a subsidiary. The Debtor's management determined that chapter 11 was the best, and most likely the only, way for the Debtor to recover all of its assets for the benefit of its creditors.

**Relief Requested**

8. Pursuant to section 331 of the Bankruptcy Code, all professionals employed under sections 327 or 1103 of the Bankruptcy Code are entitled to submit applications for interim compensation and reimbursement of expenses every 120 days, or more often if the Court so permits. The Debtor requests that procedures for compensating and reimbursing Court-approved professionals (the "Professionals") on a monthly basis be established. Such an order would enable the Court and other parties in interest to monitor the professional fees and the expenses incurred

in this chapter 11 case on a regular basis, and such an order would minimize the financial risk and burden of the Professionals.

9. The Debtor proposes the following procedures:

(a) On or before the 15th day of each month, each Professional employed in this case and seeking interim allowance of its fees and expenses shall be entitled to file with the Court and shall deliver to the Debtor a statement for services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to the Debtor's counsel and the United States trustee (collectively, the "Notice Parties") and filed with the Court. The Debtor shall pay 80% of fees and 100% of expenses in each statement within 14 days of receipt, provided sufficient funds are available and provided further, that the Debtor, the United States Trustee, and other parties in interest do not object to the fees and expenses. All monthly fee statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. These payments shall be subject to the Court's review as part of the standard fee application process, which shall take place approximately every four months (as described below) and any timely objected to fees and expense reimbursement (as described below) shall be withheld pending further order of the Court or agreement of the parties.

(b) Parties that object to any payment of fees and/or expense reimbursement shall file their objection with the Court within 14 days after filing and service of the monthly statement. The objection shall include the amount of objected to fees and/or expenses, and the basis for the objection. If the parties are unable to reach a resolution within fourteen (14) days after service of the objection, the affected Professional may either: (a) file a response to the objection with the Court or (b) forego payment of fees subject to the objection until the next applicable interim fee or final fee application hearing.

(c) Every four months, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and/or reimbursement of expenses requested for the prior four months and (ii) payment of the 20% of fees not paid pursuant to subparagraph (a) above. The first such application shall be filed on or before October 31, 2025, and shall cover the period from the Petition Date through September 30, 2025. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is

submitted.  Such applications shall be served on the Debtor and the Notice Parties.  Objections, if any, to an interim fee application shall be filed and served upon the affected Professional and the Notice Parties on or before twenty-one (21) days after service of the interim fee application. Any such objection shall be required to identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for the objection.

(d) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(e) Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

10. The procedures suggested herein, if approved, would enable parties in interest to monitor the Debtor's costs of administration.  The procedures also would allow the Debtor to avoid accruing, but not paying, significant professional fees and would, as a result, minimize the cash flow impact of such fees.

**Applicable Authority**

11. Section 331 of the Bankruptcy Court provides, in relevant part, as follows:

> A trustee, an examiner, a debtor's attorney, or any professional person employed under section 327 or 1103 of this title may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered before the date of such an application or reimbursement for expenses incurred before such date as is provided under section 330 of this title.

11 U.S.C. § 331.

12. Section 105(a) of the Bankruptcy Code provides, in relevant part, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Accordingly, it is within the Court's equitable power

5

to grant the relief requested herein. Interim compensation on a monthly basis is generally allowed when the case meets certain standards. In re Knudsen Corp., *et al.*, 84 B.R. 668 (9th Cir. BAP 1988); In re Mariner Post-Acute Network Inc. *et al.,* 257 B.R. 723 (Bankr. D. Del. 2000); In re Jefferson Bus Ctr. Assoc. 135 B.R. 676 (Bankr. D. Colo. 1992); In re Troung, 259 B.R. 264 (Bankr. D. N.J. 2001).

13. The traditional criteria that courts look to in order to grant interim compensation on a monthly basis are as follows: (i) the case is unusually large in which a large amount of fees accrue each month; (ii) waiting an extended amount of time for payment would place an undue burden on counsel; (iii) the court believes that counsel will be able to respond to reassessment; and (iv) that the fee retainer procedure is subject of a notice and hearing. Knudsen, 84 B.R. 668 at 672-73.

14. Courts have also acknowledged that there are other important factors that should be considered such as the payments plan's economic impact on the debtor's ongoing business operation, the ability of the debtor to reorganize, the debtor's ability to monitor and control its administrative costs, and the reputation of the debtor's counsel. Jefferson Bus. Ctr. Assoc 135 B.R. at 679; and Mariner Post-Acute Network Inc 257 B.R. at 672-73. Courts have also acknowledged that these standards do not apply only to large chapter 11 cases but they also apply to small cases as well. Jefferson Bus. Ctr. Assoc. 135 B.R. at 680 and Troung 259 B.R. 267.

15. It is acknowledged that small law firms face the same, or greater, burdens, costs, and/or inconveniences which larger firms face when they are unable to receive a retainer or regular payments and therefore smaller firms should not be treated any differently. Jefferson Bus. Ctr. Assoc. 135 B.R. at 679 and Troung 259 B.R. 264 (Bankr. D. N.J. 2001).

16. These factors apply to the instant case. An undue burden would be placed on the Debtor and its professionals if interim compensation is not allowed. The Debtor's ongoing business operation would also be compromised along with the Debtor's ability to reorganize.

17. The Debtor's proposal for compensating the Professionals, as outlined above, is an effort to effect a compromise between the statutory policy that professionals should be paid only reasonable compensation (and should not be allowed to take advantage of the bankruptcy process) and the policy of allowing professionals to be paid on at least a timely enough basis that they can reasonably undertake the case. See, In re Unicast, Inc., 214 B.R. 979, at 1002 (Bankr. N.D. Ohio 1997). Thus, the Debtor's request that procedures for compensating and reimbursing Court-approved Professionals on a monthly basis be established should be granted.

## **Memorandum in Support**

18. This Motion is not accompanied by a memorandum in support because (a) relevant statutory and case law is cited herein and (b) proposed findings of fact and conclusions of law, to the extent applicable to this matter, are set forth in the proposed order attached to this Motion as Exhibit A. Accordingly, the Debtor requests that the Court waive the requirement set forth in Local Bankruptcy Rule 9013-1(a) that a memorandum in support accompany all motions.

## **Notice**

19. Notice of this Motion has been given to the United States trustee, the Debtor's secured creditors, the Debtor's 20 largest unsecured creditors (as set forth in the Debtors' chapter 11 petition) and all parties who have filed a notice of appearance and request for notice with the Clerk of this Court. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## Conclusion

WHEREFORE, the Debtor respectfully requests that the Court enter an order substantially in the form attached hereto as Exhibit A: (i) establishing procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis; (ii) limiting the notices of hearing to consider interim applications for compensation and reimbursement of expenses; and (iii) granting the Debtor such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., Ste. 100B
Canton, Ohio  44718
Telephone:  (330) 305-9700
Facsimile:  (330) 305-9713
E-mail:  tony@ajdlaw7-11.com

PROPOSED COUNSEL FOR THE
DEBTOR AND DEBTOR IN
POSSESSION

## NOTICE OF MOTION

The Debtor has filed papers with the court seeking to establish procedures for the interim compensation of its employed professionals.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to approve the motion without a hearing, or if you want the court to consider your views on the motion, then on or before **July 16, 2025**, you or your attorney must:

File with the court a written response and request for a hearing at:

        Clerk: United States Bankruptcy Court
        Howard M. Metzenbaum U.S. Courthouse
        201 Superior Avenue
        Cleveland, Ohio 44114-1235

If you mail your request or response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

        Anthony J. DeGirolamo, Esq.
        3930 Fulton Dr., N.W., Ste. 100B
        Canton, Ohio 44718

If you do not respond in writing the Court may grant the relief requested without a hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the application and may enter an order granting that relief without a hearing.

Date: July 2, 2025                                            Signature: /s/ Anthony J. DeGirolamo
                                                                                 Name: Anthony J. DeGirolamo, Esq.

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

```
-----------------------------------------------------------x
In re:                                  :    Case No. 25-12797-JPS
                                        :
R.W. SIDLEY, INC.                       :    Chapter 11
                                        :
                                        :    Chief Judge Jessica E. Price Smith
                                        :
                                        :
            Debtor and                  :
            Debtor-in-Possession.       :
                                        :
                                        :
(Employer Tax I.D. No. 34-0529112)      :
-----------------------------------------------------------x
```

**ORDER (I) ESTABLISHING PROCEDURES FOR INTERIM
COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS
ON A MONTHLY BASIS; AND (II) LIMITING SERVICE OF NOTICES
OF HEARINGS ON INTERIM COMPENSATION**

This matter came to be considered on the Motion of Debtor for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals on a Monthly Basis; and (II) Limiting Service of Notices of Hearings on Interim Applications for Compensation (the "Motion"), filed by the above-captioned debtor and debtor in possession (the "Debtor"); the Court having reviewed the Motion; the Court finding that: (a) the

Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 157; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and (c) venue of this chapter 11 case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Motion shall be, and hereby is, GRANTED as set forth herein.

2. Capitalized terms used but not defined herein shall have the meanings assigned to them in the Motion.

3. Except as otherwise provided in an order of the Court authorizing the retention of a Professional, the Professional may seek interim payment of compensation and reimbursement of expenses in accordance with the following compensation procedures. The following procedures for interim compensation and reimbursement of expenses of Professionals on a monthly basis shall be, and hereby are, established:

> (f) On or before the 15th day of each month, each Professional employed in this case and seeking interim allowance of its fees and expenses shall be entitled to file with the Court and shall deliver to the Debtor a statement for services provided and expenses incurred during the prior month. Copies of each statement shall be delivered to the Debtor's counsel and the United States trustee (collectively, the "Notice Parties") and filed with the Court. The Debtor shall pay 80% of fees and 100% of expenses in each statement within 14 days of receipt, provided sufficient funds are available and provided further, that the Debtor, the United States Trustee, and other parties in interest do not object to the fees and expenses. All monthly fee statements shall comply with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable orders of the Court. These payments shall be subject to the Court's review as part of the standard fee application process, which shall take place approximately every four months (as described below) and any timely objected to fees and expense

reimbursement (as described below) shall be withheld pending further order of the Court or agreement of the parties.

(g) Parties that object to any payment of fees and/or expense reimbursement shall file their objection with the Court within 14 days after filing and service of the monthly statement. The objection shall include the amount of objected to fees and/or expenses, and the basis for the objection. If the parties are unable to reach a resolution within fourteen (14) days after service of the objection, the affected Professional may either: (a) file a response to the objection with the Court or (b) forego payment of fees subject to the objection until the next applicable interim fee or final fee application hearing.

(h) Every four months, each of the Professionals shall file with the Court, on or before the 30th day following the last day of the compensation period for which compensation is sought, an application for (i) interim Court approval and allowance, pursuant to section 331 of the Bankruptcy Code, of the compensation and/or reimbursement of expenses requested for the prior four months and (ii) payment of the 20% of fees not paid pursuant to subparagraph (a) above. The first such application shall be filed on or before October 31, 2025, and shall cover the period from the Petition Date through September 30, 2025. Any Professional who fails to file an application when due shall be ineligible to receive further interim payments of fees or expenses as provided herein until such time as the application is submitted. Such applications shall be served on the Debtor and the Notice Parties. Objections, if any, to an interim fee application shall be filed and served upon the affected Professional and the Notice Parties on or before twenty-one (21) days after service of the interim fee application. Any such objection shall be required to identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for the objection.

(i) The pendency of an application or a Court order that payment of compensation or reimbursement of expenses was improper as to a particular statement shall not disqualify a Professional from the future payment of compensation or reimbursement of expenses as set forth above.

(j) Neither the payment of, nor the failure to pay, in whole or in part, monthly interim compensation and reimbursement as provided herein shall bind any party-in-interest or the Court with respect to the allowance of applications for compensation and reimbursement of Professionals.

4. Service of the notices of hearings to consider interim applications of the Professionals in this case shall be limited to the Notice Parties and all parties who have filed a notice of appearance with the Clerk of this Court and requested such notice.

5. All fees paid to Professionals retained in this case pursuant to this Order are subject to final approval of the Court. Nothing herein shall be construed in any way to limit parties in interest from objecting to the allowance of any professionals' fee and expense request or limit the ability of the Court and the United States Trustee to review and evaluate the reasonableness or propriety of any fees and expenses requested or paid pursuant to this Order.

# # #

PREPARED BY:

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., Ste. 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: tony@ajdlaw7-11.com

PROPOSED COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION