IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

----------------------------------------------------------x
In re:                                    :   Case No. 25-12797-JPS
                                          :
R.W. SIDLEY, INC.                         :   Chapter 11
                                          :
                                          :   Judge Jessica E. Price Smith
                                          :
        Debtor and                        :
        Debtor-in-Possession.             :
                                          :
(Employer Tax I.D. No. 34-0529112)        :
----------------------------------------------------------x

**APPLICATION OF THE DEBTOR FOR AUTHORITY
TO RETAIN AND EMPLOY BENESCH, FRIEDLANDER, COPLAN
& ARONOFF LLP AS SPECIAL COUNSEL FOR THE DEBTOR**

The above-captioned debtor and debtor in possession (the "Debtor"), hereby applies to the Court for the entry of an order authorizing the retention and employment of Benesch, Friedlander, Coplan, & Aronoff, LLP ("Special Counsel") as special transactional counsel for the Debtor, pursuant to section 327(e) of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

In support of this Application, the Debtor respectfully represents as follows:

**Background**

1.  On July 2, 2025 (the "Petition Date"), the Debtor commenced its reorganization case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor

is continuing in possession of its property and is operating and managing its business, as debtor in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and venue of the Debtor's chapter 11 case and this Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409 and Local Bankruptcy Rules.

3. R.W. Sidley, Inc., (the "Debtor") based in Painesville, Ohio, has a long history rooted in the construction and materials industries. The company was founded in 1933 by Robert W. Sidley in Painesville, Ohio which has since moved to Thompson, Ohio. The business began as a limestone quarry and mining operation, primarily supplying materials for local construction and roadwork. Over the decades, the Debtor expanded its business beyond limestone to serve a broader range of construction-related needs.

4. In the mid-20th century, the company began producing ready-mixed concrete, becoming a regional leader in concrete supply for both commercial and residential projects. The Debtor grew its offerings to include aggregates, sand, gravel, and precast concrete products. The Debtor developed a reputation for consistent quality and reliability in construction materials.

5. The Debtor became known for precast/prestressed concrete products, which are used in bridges, parking garages, and commercial buildings. They established manufacturing facilities to produce these specialized products. Beyond raw materials, the company expanded vertically into related industries, including block and masonry products, transportation and logistics services, construction equipment rental and maintenance, and industrial minerals and engineered sands for filtration, foundry, and other industries.

6. Due to challenging market conditions and the need to satisfy the demands of secured lenders, the Debtor sold its ready-mix concrete division and silica sand business in 2024. The company's loan obligations to its secured creditors were satisfied with the sale proceeds. The company intended to pay its unsecured trade creditors from the funds due on May 22, 2025, from Great Sand, LLC ("Covia") as part of its performance holdback on the 2024 sale of the Debtor's silica sand business sales transaction. Unfortunately, Covia has elected not to pay the holdback funds, and the company is involved in a legal dispute with Covia.

7. The Debtor has other assets with which it can pay its debts; however, those assets are not readily available to the Debtor. Such assets include retainage from the Buffalo Bills stadium and the Pittsburgh airport projects, a $1,000,000 holdback from a sale and lease-back arrangement regarding the Debtor's batch plant, and proceeds of the Debtor's interest in a real estate development known as the Villages at Casement through a subsidiary. The Debtor's management determined that chapter 11 was the best, and most likely the only, way for the Debtor to recover all of its assets for the benefit of its creditors.

## Request for Authority to Employ Special Counsel

8. The Debtor desires to retain and employ Special Counsel as special counsel pursuant to section 327(e) of the Bankruptcy Code and Rule 2014 of the Bankruptcy Rules, to represent the Debtor as special transactional counsel to the Debtor in its chapter 11 case with respect to a transaction with Great Sand, LLC and Covia Holdings, LLC.

9. Special Counsel is particularly well suited for the type of representation required by the Debtor, having represented the Debtor before the Petition date with respect to the March 11, 2024, sale of assets to Great Sand, LLC and Covia Holdings, LLC (the "Transaction"), and having expertise in all aspects of the law that may arise in the Debtor's business dealings.

-3-

10. The Debtor contemplates that Special Counsel will render legal services to the Debtor, and in particular, it is anticipated that Special Counsel, consistent with the delineation of responsibilities among the Debtor's professionals, will render the following legal services to the Debtor:

    (a) Assisting the Debtor with respect to resolving certain disputes with respect to the $5,000,000 purchase price holdback related to the Transaction, and related services.

11. The Debtor requires experienced and knowledgeable counsel to render these essential professional services. As noted above, Special Counsel has substantial transactional expertise and is well qualified to perform these services and represent the Debtor's interests in the Transaction.

12. Subject to the Court's approval, Special Counsel will charge the Debtor for its legal services on an hourly basis with reimbursement of expense in accordance with its ordinary and customary hourly rates, as they may change from time to time, in effect on the date that such services are rendered, plus reimbursement of actual, necessary out-of-pocket expenses incurred by Special Counsel. The rates for personnel that will be providing services to the Debtor are as follows:

    Peter K. Shelton    $730/hour; and

    Kevin D. Margolis    $775/hour.

13. Special Counsel has received $88,423.50 from the Debtor during the preceding twelve months from the Debtor for legal services rendered and expenses incurred and held $3,897.50 as a retainer on the Petition Date.

14. To the best of the Debtor's knowledge, information and belief, other than in connection with the Debtor's case, Special Counsel has no connection with the Debtor, the

Debtor's creditors, any other party in interest therein, its respective attorneys or accountants, the United States trustee, or any other party with an actual or potential interest in the Debtor's chapter 11 case, except as set forth below.

15. Special Counsel has searched its client database and has determined that it has represented or represents none of the Debtor's creditors or other parties in interest in the Debtor's case. See the Disclosure of Compensation and Verified Statement of Peter K. Shelton (the "Verified Statement"), a copy of which is attached hereto as Exhibit A. Except as described in the Verified Statement, Special Counsel does not represent, to the best of its knowledge, any of the Debtor's 20 largest unsecured creditors or other significant parties in interest in the Debtor's case.

16. To the best of the Debtor's knowledge, information and belief, Special Counsel does not represent and does not hold any interest adverse to the Debtor and Special Counsel is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code, and his retention is in the best interests of the Debtor and its estate and creditors.

17. Special Counsel will maintain detailed records of any actual and necessary costs and expenses incurred in connection with the aforementioned legal services. Special Counsel intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, Local Bankruptcy Rules, and orders of this Court.

## Notice

18. No creditors' committee has been appointed in the Debtor's chapter 11 case. Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee, (b) the Debtor's 20 largest unsecured creditors as identified

-5-

25-12797-jps    Doc 19    FILED 07/02/25    ENTERED 07/02/25 10:49:54    Page 5 of 15

in its chapter 11 petition, and (c) the Debtor's secured lenders. In light of the nature of the relief requested herein, the Debtor submits that no other or further notice is required.

**No Previous Request**

19. No previous request for the relief sought in this Application has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court enter an order in the form attached hereto as Exhibit B: (a) authorizing the Debtor to retain and employ Benesch, Friedlander, Coplan, & Aronoff, LLP to represent the Debtor as special transactional counsel, pursuant to section 327(e) of the Bankruptcy Code, Bankruptcy Rule 2014, and L.B.R. 2014-1; and (b) granting such other and further relief as the Court may deem proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., Ste. 100B
Canton, Ohio 44718
Telephone: (330) 305-9700
Facsimile: (330) 305-9713
E-mail: tony@ajdlaw7-11.com

PROPOSED COUNSEL FOR THE
DEBTOR AND
DEBTOR IN POSSESSION

## NOTICE OF APPLICATION TO EMPLOY

The Debtor has filed papers with the court seeking to employ Benesch, Friedlander, Coplan, & Aronoff, LLP as its special counsel.

**Your rights may be affected.** You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the court to approve the application without a hearing, or if you want the court to consider your views on the application, then on or before **July 16, 2025**, you or your attorney must:

File with the court a written response and request for a hearing at:

> Clerk: United States Bankruptcy Court
> Howard M. Metzenbaum U.S. Courthouse
> 201 Superior Avenue
> Cleveland, Ohio 44114-1235

If you mail your request or response to the court for filing, you must mail it early enough so the court will **receive** it on or before the date stated above.

You must also mail a copy to:

> Anthony J. DeGirolamo, Esq.
> 3930 Fulton Dr., N.W., Ste. 100B
> Canton, Ohio 44718

If you do not respond in writing the Court may grant the relief requested without a hearing.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the application and may enter an order granting that relief without a hearing.

Date: July 2, 2025　　　　　　　　　　　　　　　　Signature: /s/ Anthony J. DeGirolamo
　　　　　　　　　　　　　　　　　　　　　　　　　Name: Anthony J. DeGirolamo, Esq.

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION, CLEVELAND

------------------------------------------------------------x
In re: : Case No. 25-12797
:
R.W. SIDLEY, INC. : Chapter 11
:
: Chief Judge Jessica E. Price Smith
:
Debtor and :
Debtor-in-Possession. :
:
(Employer Tax I.D. No. 34-0529112) :
------------------------------------------------------------x

## DISCLOSURE OF COMPENSATION AND
## VERIFIED STATEMENT OF PETER SHELTON

PETER SHELTON states as follows:

1. I am a partner with the law firm of Benesch, Friedlander, Coplan, & Aronoff, LLP with offices located at 127 Public Square, Suite 4900, Cleveland, Ohio 44114 ("Special Counsel"). I am a member in good standing of the Bar of the State of Ohio and am admitted to practice before the United States District Court for the Northern District of Ohio. I make this Statement (a) in support of the retention of Special Counsel as counsel for the debtor and debtor in possession in the above-captioned chapter 11 case (the "Debtor"); and (b) in accordance with section 327 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. Special Counsel is willing to serve as special counsel for the Debtor and to accept compensation for professional services rendered and reimbursement of expenses incurred in accordance with the provisions of sections 328, 330, and 331 of the Bankruptcy Code, the

applicable Bankruptcy Rules, and the General Orders in effect in this District. Special Counsel intends to charge for its legal services on an hourly basis together with reimbursement of expenses in accordance with its usual and customary billing practices.

3. I have searched Special Counsel's database of client matters to determine if Special Counsel has or has had any relationship with the Debtor's creditors, the Debtor's other professionals, and the Debtor's secured lenders.

4. Based upon the foregoing search, I have determined that:

    (a) Special Counsel does not represent any of the Debtor's secured creditors;

    (b) Special Counsel does not represent any of the Debtor's 20 largest unsecured creditors; and

    (c) Special Counsel does not represent any creditor of the Debtor in matters relating to the Debtor.

5. Except as noted above, insofar as I have been able to ascertain, Special Counsel holds or represents no interest adverse to the Debtor or its estate. Further, insofar as I have been able to ascertain, other than in connection with this chapter 11 case, Special Counsel has no connection (defined as a professional relationship) with the Debtor's creditors, any other party in interest herein, its respective attorneys or accountants, the United States trustee, or any other person with actual or potential interest in the Debtor's chapter 11 case, or persons employed thereby. Accordingly, Special Counsel is a "disinterested person" within the meaning of sections 101(14) and 327 of the Bankruptcy Code.

6. No promises have been received by Special Counsel as to compensation or reimbursement of expenses in connection with the Debtor's chapter 11 case. Special Counsel has no agreement with any other entity to share with such entity any compensation received, nor will any be made, except as permitted under section 504(b)(1) of the Bankruptcy Code.

7. Special Counsel was paid $88,423.50 during the past twelve months on account of prepetition services rendered to the Debtor and holds $0.00 on retainer for the Debtor. Further, Special Counsel is owed $0.00 for prepetition services rendered to the Debtor.

8. The proposed employment of Special Counsel is not prohibited by, or improper under, Bankruptcy Rule 5002. Special Counsel is qualified to represent the Debtor in the matters for which Special Counsel is proposed to be employed.

9. Special Counsel intends to apply to the Court for payment of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court and pursuant to any additional procedures that may be established by the Court in this case.

10. For the reasons set forth above, Special Counsel is qualified to act as special counsel for the Debtor. Special Counsel does not represent in connection with the Debtor's chapter 11 case, any other entity holding an interest adverse to the Debtor or its estate.

11. Special Counsel will continue to carry on further inquiries with respect to the matters contained herein and will file supplemental statements regarding this retention if any additional relevant information comes to his attention.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 2nd day of July, 2025.

_____
Peter K. Shelton

Sworn to before me by Peter K. Shelton, this 2ND day of July, 2025.

_Beth A. Krosky_
Notary Public



BETH A KROSKY
Notary Public
State of Ohio
My Comm. Expires
March 17, 2027

-3-

# **EXHIBIT B**

---------------------------------------------------------x
In re:                                                   :    Case No. 25-12797
                                                         :
R.W. SIDLEY, INC.                                        :    Chapter 11
                                                         :
                                                         :    Chief Judge Jessica E. Price Smith
                                                         :
       Debtor and                                        :
       Debtor-in-Possession.                             :
                                                         :
(Employer Tax I.D. No. 34-0529112)                       :
---------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTOR TO RETAIN AND EMPLOY
BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP AS
<u>SPECIAL COUNSEL FOR THE DEBTOR</u>**

      This matter coming to be heard on the Application of the Debtor for Authority to Retain and Employ Benesch, Friedlander, Coplan, & Aronoff, LLP as Special Counsel for the Debtor (the "Application"), filed by the debtor and debtor in possession the above-captioned chapter 11 case (the "Debtor"); the Court having reviewed the Application and the Disclosure of Compensation and Verified Statement of Peter Shelton, attached to the Application as Exhibit A (the "Verified

Statement") and having heard the statements of counsel regarding the relief requested in the Application at a hearing before the Court (the "Hearing"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) venue of this chapter 11 case and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (d) notice of the Application and the Hearing was sufficient under the circumstance; and the Court having determined that the legal and factual bases set forth in the Application, the Verified Statement, and at the Hearing establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Application shall be, and hereby is, GRANTED.

2. Capitalized terms not otherwise defined herein have the meanings given to them in the Application and the Verified Statement.

3. The Debtor is authorized to retain and employ Benesch, Friedlander, Coplan, & Aronoff, LLP as special counsel to represent the Debtor in its chapter 11 case, pursuant to section 327(e) of the Bankruptcy Code or Bankruptcy Rule 2014, and the terms set forth in the Application.

4. Benesch, Friedlander, Coplan, & Aronoff, LLP shall be compensated for such services and reimbursed for any related expenses in accordance with applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable orders of this Court.

# # #

PREPARED BY:

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Dr., Ste. 100B
Canton, Ohio  44718
Telephone:  (330) 305-9700
Facsimile:  (330) 305-9713
E-mail:  tony@ajdlaw7-11.com

PROPOSED COUNSEL FOR THE DEBTOR
AND DEBTOR IN POSSESSION