**IN THE COURT OF COMMON PLEAS**
**LAKE COUNTY, PAINESVILLE, OHIO**

| | | |
|---|---|---|
| GRAND RIVER ASPHALT CO., | ) | CASE NO. 24 CV-00-0152 |
| | ) | |
| Plaintiff, | ) | Judge Jeffrey W. Ruple |
| | ) | |
| vs. | ) | |
| | ) | |
| R.W. SIDLEY INC. | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| SMYRNA READY MIX CONCRETE, | ) | |
| LLC d/b/a SRM CONCRETE | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT SMYRNA READY MIX CONCRETE, LLC d/b/a SRM CONCRETE'S**
**ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES Defendant Smyrna Ready Mix Concrete, LLC d/b/a SRM Concrete ("SRM") and for its Answer to the Complaint filed in the above-captioned matter (the "Complaint") by Plaintiff admits, denies, and avers as follows:

**PARTIES**

1.      In response to Paragraph 1 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

2.      In response to Paragraph 2 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

3.      In response to Paragraph 3 of the Complaint, SRM admits that it is a Tennessee limited liability company registered to do business in Ohio under the tradename of "SRM



Concrete" doing business in Lake County, Ohio with its principal place of business in Murfreesboro, Tennessee.

**JURISDICTION AND VENUE**

4.      In response to Paragraph 4 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 3 of the Complaint.

5.      Admitted.

6.      Admitted.

7.      Admitted.

**FACTS**

8.      In response to Paragraph 8 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 7 of the Complaint.

9.      In response to Paragraph 9 of the Complaint, SRM admits that R.W. Sidley and A.J. Ronyak entered into an Agreement of Joint Venture, and refers to the contents of that agreement for the true and correct contents thereof.

10.      In response to Paragraph 10 of the Complaint, SRM admits that **Exhibit A** speaks for itself.

11.      In response to Paragraph 11 of the Complaint, SRM admits that the Grand River Dock consists of two parcels of real property located in Lake County, Ohio, owned by the Joint Venture.

12.      In response to Paragraph 12 of the Complaint, SRM admits that a building as described sits on the property, but otherwise denies the allegations and demands strict proof thereof.

---

**DEFENDANT SMYRNA READY MIX CONCRETE, LLC D/B/A SRM CONCRETE'S ANSWER TO PLAINTIFF'S COMPLAINT**                                    **Page 2**

25-12797-jps    Doc 144-31    FILED 09/12/25    ENTERED 09/12/25 12:24:03    Page 2 of 21

13.     In response to Paragraph 13 of the Complaint, SRM denies the allegations except to refer to the contents of the JVA for the true and correct contents thereof.

14.     In response to Paragraph 14 of the Complaint, SRM denies the allegations except to refer to the contents of the JVA for the true and correct contents thereof.

15.     In response to Paragraph 15 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

16.     In response to Paragraph 16 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

17.     In response to Paragraph 17 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

18.     In response to Paragraph 18 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

19.     In response to Paragraph 19 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

20.     In response to Paragraph 20 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

21. In response to Paragraph 21 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

22. In response to Paragraph 22 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

23. In response to Paragraph 23 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof, except to refer to the contents of **Exhibit B** for the true and correct contents thereof.

24. Paragraph 24 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, SRM denies the allegations and demands strict proof thereof.

25. In response to Paragraph 25 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

26. In response to Paragraph 26 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

27. In response to Paragraph 27 of the Complaint, SRM denies the allegations except to refer to the contents of the JVA for the true and correct contents thereof.

28.    In response to Paragraph 28 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

29.    In response to Paragraph 29 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

30.    In response to Paragraph 30 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

31.    In response to Paragraph 31 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof, except to refer to **Exhibit C** for the true and correct contents thereof.

32.    In response to Paragraph 32 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof, except to refer to **Exhibit C** for the true and correct contents thereof.

33.    In response to Paragraph 33 of the Complaint, SRM denies the allegations contained therein, except to refer to **Exhibit D** for the true and correct contents thereof.

34.    In response to Paragraph 34 of the Complaint, SRM denies the allegations contained therein, except to refer to **Exhibit D** for the true and correct contents thereof.

35.    Admitted.

36.     In response to Paragraph 36 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

37.     In response to Paragraph 37 of the Complaint, SRM denies the allegations contained therein, except to refer to **Exhibit E** for the true and correct contents thereof.

38.     In response to Paragraph 38 of the Complaint, SRM denies the allegations contained therein, except to refer to **Exhibit E** for the true and correct contents thereof.

39.     In response to Paragraph 39 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

40.     In response to Paragraph 40 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

41.     In response to Paragraph 41 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

42.     In response to Paragraph 42 of the Complaint, SRM denies the allegations contained therein, except to refer to **Exhibit F** for the true and correct contents thereof.

43.     In response to Paragraph 43 of the Complaint, SRM denies the allegations contained therein, except to refer to **Exhibit F** for the true and correct contents thereof.

44.     Admitted.

45.     Admitted.

46.     In response to Paragraph 46 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

47.     In response to Paragraph 47 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

48.     In response to Paragraph 48 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

49.     In response to Paragraph 49 of the Complaint, SRM denies the allegations contained therein, except to refer to **Exhibit G** for the true and correct contents thereof.

50.     In response to Paragraph 50 of the Complaint, SRM denies the allegations contained therein, except to refer to **Exhibit G** for the true and correct contents thereof.

51.     Admitted.

52.     Admitted.

53.     Admitted.

54.     Admitted.

55.     Admitted.

56.     In response to Paragraph 56 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

57.     In response to Paragraph 57 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

58.     Paragraph 58 of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is necessary, SRM denies the allegations and demands strict proof thereof.

59.     Paragraph 59 of the Complaint of the Complaint calls for a legal conclusion to which no response is required.  To the extent a response is necessary, SRM denies the allegations and demands strict proof thereof.

60. In response to Paragraph 60 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

61. In response to Paragraph 61 of the Complaint, SRM is without sufficient information or knowledge to either admit or deny the allegations contained therein and therefore denies the same and demands strict proof thereof.

62. In response to Paragraph 62 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

63. In response to Paragraph 63 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

64. Admitted.

65. In response to Paragraph 65, SRM admits that it opposed Plaintiff's request for a preliminary injunction in part because R.W. Sidley was not a party to the proceeding.

66. Admitted.

67. In response to Paragraph 67, SRM answers that the allegations contained in Paragraph 67 do not require a response. To the extent a response is necessary, SRM admits that Plaintiff dismissed the Federal Litigation, and denies the remainder of the allegations contained therein and demands strict proof thereof.

## COUNT 1
### (Declaratory Judgment – All Defendants)

68. In response to Paragraph 68 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 67 of the Complaint.

69. In response to Paragraph 69 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

70.     In response to Paragraph 70 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

71.     Admitted.

72.     Admitted.

73.     In response to Paragraph 73 of the Complaint, SRM denies the allegations contained therein demands strict proof thereof.

74.     In response to Paragraph 74 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

75.     In response to Paragraph 75 of the Complaint, SRM answers that the allegations contained in Paragraph 75 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

76.     In response to Paragraph 76 of the Complaint, SRM answers that the allegations contained in Paragraph 76 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

77.     In response to Paragraph 77 of the Complaint, SRM answers that the allegations contained in Paragraph 77 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

78.     In response to Paragraph 78 of the Complaint, SRM answers that the allegations contained in Paragraph 78 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

79.     In response to Paragraph 79 of the Complaint, SRM answers that the allegations contained in Paragraph 79 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

80.    In response to Paragraph 80 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

81.    In response to Paragraph 81 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

82.    In response to Paragraph 82 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

83.    In response to Paragraph 83 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

84.    In response to Paragraph 84 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

## COUNT 2
### (Breach of Contract – R.W. Sidley)

85.    In response to Paragraph 85 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 84 of the Complaint. SRM further answers that no response from SRM is required as these allegations are not applicable to SRM.

86.    In response to Paragraph 86 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

87.    In response to Paragraph 87 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

88.    In response to Paragraph 88 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

89.     In response to Paragraph 89 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

90.     In response to Paragraph 90 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

91.     In response to Paragraph 91 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

92.     In response to Paragraph 92 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

## COUNT 3
### (Breach of Contract – All Defendants)

93.     In response to Paragraph 93 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 92 of the Complaint.

94.     In response to Paragraph 94 of the Complaint, SRM answers that the allegations contained in Paragraph 94 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

95.     Admitted.

96.     In response to Paragraph 96 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

97.     In response to Paragraph 97 of the Complaint, SRM refers to the contents of the JVA for the true and correct contents thereof.

98.     In response to Paragraph 98 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

99.     In response to Paragraph 99 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

100.    In response to Paragraph 100 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

101.    In response to Paragraph 101 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

102.    Admitted.

103.    In response to Paragraph 103 of the Complaint, SRM admits that R.W. Sidley assigned its interests in the Joint Venture to SRM, but otherwise denies the allegations contained therein and demands strict proof thereof.

104.    In response to Paragraph 104 of the Complaint, SRM answers that the allegations contained in Paragraph 104 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

105.    Admitted.

106.    In response to Paragraph 106 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

107.    In response to Paragraph 107 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

## COUNT 4
### (Breach of Fiduciary Duty – R.W. Sidley)

108.    In response to Paragraph 108 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 107 of the Complaint.

109. In response to Paragraph 109 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

110. In response to Paragraph 110 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

111. In response to Paragraph 111 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

112. In response to Paragraph 112 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

## COUNT 5
### (Breach of Revised Uniform Partnership Act – R.W. Sidley)

113. In response to Paragraph 113 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 112 of the Complaint.

114. In response to Paragraph 114 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

115. In response to Paragraph 115 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

116.     In response to Paragraph 116 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

117.     In response to Paragraph 117 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

118.     In response to Paragraph 118 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

119.     In response to Paragraph 119 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

120.     In response to Paragraph 120 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

121.     In response to Paragraph 121 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

122.     In response to Paragraph 122 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

123.     In response to Paragraph 123 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

124.     In response to Paragraph 124 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

125.     In response to Paragraph 125 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

126.     In response to Paragraph 126 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

## COUNT 6
### (Breach of Contract, In The Alternative – R.W. Sidley)

127.     In response to Paragraph 127 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 126 of the Complaint.

128.     In response to Paragraph 128 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

129.     In response to Paragraph 129 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

130.     In response to Paragraph 130 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

131.     In response to Paragraph 131 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

132.     In response to Paragraph 132 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

133.     In response to Paragraph 133 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

134.     In response to Paragraph 134 of the Complaint, SRM answers that no response from SRM is required as these allegations are not applicable to SRM. To the extent a response is necessary, SRM denies the allegations.

<u>COUNT 7</u>
<u>(Breach of Contract, In The Alternative – SRM)</u>

135.     In response to Paragraph 135 of the Complaint, SRM reincorporates by reference as if set forth fully herein its responses to Paragraphs 1 through 134 of the Complaint.

136.     In response to Paragraph 136 of the Complaint, SRM answers that the allegations contained in Paragraph 136 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

137.     Admitted.

---

138. In response to Paragraph 138 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

139. In response to Paragraph 139 of the Complaint, SRM admits that R.W. Sidley assigned its interests and rights in the Joint Venture to SRM, but otherwise denies the allegations contained therein and demands strict proof thereof.

140. In response to Paragraph 140 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

141. In response to Paragraph 141 of the Complaint, SRM refers to the contents of the JVA for the true and correct contents thereof.

142. In response to Paragraph 142 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

143. In response to Paragraph 143 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof, except to refer to **Exhibit I** for the true and correct contents thereof.

144. In response to Paragraph 144 of the Complaint, SRM admits that the Security Agreement secures debt held by SRM, but otherwise denies the allegations contained therein and demands strict proof thereof.

145. In response to Paragraph 145 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

146. In response to Paragraph 146 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

147. In response to Paragraph 147 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

148.    In response to Paragraph 148 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

149.    Admitted.

150.    In response to Paragraph 150 of the Complaint, SRM answers that the allegations contained in Paragraph 150 contain legal conclusions for which no answer is required. To the extent a response is necessary, SRM denies the allegations.

151.    Admitted.

152.    In response to Paragraph 152 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

153.    In response to Paragraph 153 of the Complaint, SRM denies the allegations contained therein and demands strict proof thereof.

154.    SRM denies Plaintiff is entitled to the relief requested in the WHEREFORE paragraph and subparagraphs (A) through (I) following Paragraph 153 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    SRM asserts all defenses available to it under Ohio statutory and common law applicable to the claims and allegations set forth in the Complaint.

2.    There is no basis upon which to grant Plaintiff's request for injunctive or interim relief during the pendency of this case.

3.    There is no basis upon which to grant Plaintiff's request for declaratory relief.

4.    The claims set forth in Plaintiff's Complaint are barred, in whole or in part, because the Uniform Partnership Act is not applicable to the Joint Venture Agreement.

5.    The claims set forth in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, res judicata, and/or unclean hands.

6.     SRM acted within its lawful property and contractual rights because it holds a valid interest in the Joint Venture.

7.     The claims set forth in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of acquiescence, partial performance, ratification, reviver, detrimental reliance, own breach, and failure to mitigate.

8.     The claims set forth in Plaintiff's Complaint are barred due to the fact that SRM and other parties have complied with all terms under the Joint Venture and other applicable agreements.

9.     To the extent any of the Plaintiff's claims against SRM are proven, such claims are subject to SRM's right to seek contribution and/or indemnity from any defendant and/or any third party, to the extent permitted by Ohio law.

10.     Plaintiff's claims are barred or limited because, to the extent Plaintiff suffered any damages, such damages were the direct and proximate result of the actions of third persons over whom SRM had no control.

11.     SRM reserves the right to assert any and all affirmative defenses set forth in Rule 8(C) of the Ohio Rules of Civil Procedure.

12.     SRM hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this answer to assert any such defense.

**WHEREFORE,** having fully answered the Complaint, SRM demands that the Complaint be dismissed with prejudice in its entirety, that it be awarded its costs and attorney fees incurred in the defense of this action and any further relief that the Court deems appropriate.

Dated: June 27, 2024

Respectfully submitted,

/s/Paul Garinger
Paul Garinger (079897)
Barnes & Thornburg, LLP
41 South High Street, Suite 3300
Columbus, Ohio 43215
Phone: (614)-628-1454
Fax: (614)-628-1433
Email: paul.garinger@btlaw.com

-and-

Thomas G. Haskins, Jr.
BARNES & THORNBURG LLP
2121 N. Pearl Street, Suite 700
Dallas, Texas 75201
Phone: (214) 258-4111
Email: Thomas.Haskins@btlaw.com
*Admitted Pro Hac Vice*

*Attorneys for Defendant Smyrna Ready Mix
Concrete, LLC d/b/a SRM Concrete*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June 2024, the foregoing document was served via electronic mail upon:

Erik L. Walter
ewalter@dworkenlaw.com
Grant J. Keating
gkeating@dworkenlaw.com
Richard N. Selby, II
rselby@dworkenlaw.com
DWORKEN & BERNSTEIN CO., L.P.A.
1468 W. 9th St., Suite 135
Cleveland, OH 44133

*Attorneys for Plaintiff Grand River Asphalt Co.*

Daniel J. Rudary
djrudary@bmdllc.com
Monica B. Andress
mbandress@bmdllc.com
BRENNAN, MANNA & DIAMOND, LLC
75 E. Market Street
Akron, OH 44308

Robert A. Hager
rahager@bmdllc.com
BRENNAN, MANNA & DIAMOND, LLC
200 Public Square, Suite 3270
Cleveland, OH 44114

*Attorneys for Defendant R.W. Sidley, Inc.*

I also hereby certify that on this 27th day of June 2024, the foregoing document was served via U.S. mail upon all individual defendants listed in the Complaint.

/s/ Paul N. Garinger
Paul N. Garinger