UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| In re:<br><br>R.W. SIDLEY, INC.<br><br>*Debtor and Debtor-in-Possession* | Chapter 11<br><br>Case No. 1:25-12797-jps<br><br>JUDGE: JESSICA E. PRICE SMITH |

**PLAINTIFF CREDITOR GRAND RIVER ASPHALT CO.'S**

**REPLY IN SUPPORT OF MOTION FOR RELIEF FROM STAY**

**I.     Introduction**

Plaintiff, Grand River Asphalt Co., ("Grand River") brought the underlying action in state court against Defendants, R.W. Sidley, Inc. ("Sidley") and SRM Ready Mix Concrete, LLC, ("SRM") for their actions related to the violation of a joint venture agreement between Grand River and R.W. Sidley. After it filed its Voluntary Petition for Chapter 11 bankruptcy, Sidley removed this matter in an attempt to forum shop this action and avoid the state trial court which has already denied its motion to dismiss and would likely grant Grand River's forthcoming motion for summary judgment. Grand River has sought relief from this Court in the form of a Motion for Remand and Motion for Relief from Stay.

Sidley's opposition to Grand River's request that this court lift the stay ignores the reality of the underlying State Action, how far discovery has progressed in that action, and the efficiencies that would be gained by lifting the stay and allowing the parties to continue to litigate the claims in the underlying State Action. Further, this Court has the wide discretion to lift the automatic stay whether or not it also grants the Motion for Remand. In either scenario, lifting the stay would allow the parties to determine the merits and scope of damages in the underlying State Action. Sidley's

1

assertion that lifting the stay and allowing the underlying State Action to reach its conclusion would negatively impact the bankruptcy and the other creditors is baseless. In effect, lifting the stay and allowing litigation to continue on the underlying State Action would speed up the process of providing certainty to the other creditors about any damages resulting from the State Action. Additionally, if the stay was lifted in conjunction with an order remanding the matter to state court, it would alleviate any burden to this court related to litigation of the State Action.

Therefore, Grand River requests that this Court lift the automatic bankruptcy stay pursuant to 11 USCS § 362(d) because the parties have litigated substantial portions of the State Action and lifting the stay would allow the state court to complete the matter.

**II.     Law and Argument**

    **a.  The stay should be lifted whether or not the matter is remanded.**

Sidley posits that Grand River's request to lift the automatic stay should be denied because Grand River's Motion for Remand is likely to be denied. However, Grand River's request to lift the automatic stay is not dependent upon the outcome of Grand River's separately filed Motion for Remand. Further, it is within this Court's wide discretion to lift the automatic stay either after this matter is remanded to the Lake County Court of Common Pleas or after such request for remand is denied. *In re Martin*, 542 B.R. 199, 202 (B.A.P. 6th Cir. 2015)(citing *Laguna Assocs. Ltd. P'ship v. Aetna Cas. & Sur. Co. (In re Laguna Assocs., Ltd. P'ship)*, 30 F.3d 734m 737 (6th Cir. 1994) ("[t]he decision whether or not to lift the automatic stay resides within the sound discretion of the bankruptcy court.")

Further, the court must consider and weigh a number of factors when determining whether or not it is appropriate to lift the automatic stay. *Id.* (citing *Garzoni v. K-Mart Corp. (In re Garzoni)*, 35 F. App'x 179, 181 (6th Cir 2002); *Junk v. CitiMortgage, Inc. (In re Junk)*, 512 B.R.

584, 607 (Bankr. S.D. Ohio 2014) (same)). However, none of the Sixth Circuit's enumerated factors that should be considered by the district court in assessing whether or not to lift the automatic stay require that the district court first remand the matter to the underlying state court. These factors are not dependent on whether the district court also grants any request for permissive abstention, mandatory abstention, or equitable remand of the given matter. And, Sidley has not cited any case law to support its contention that because remand is unwarranted, then Grand River's request to lift the stay should necessarily be denied.

Lifting the automatic stay will allow the parties to complete this litigation and move the claims at issue toward their appropriate and final disposition. This Court should lift the automatic stay as requested by Grand River's Motion for Relief from Stay.

### b. The Sixth Circuit's factors weigh in favor of lifting the automatic stay.

An order lifting the automatic bankruptcy stay is appropriate here as "cause" exists for such an order. "Section 362(d)(1) of the Bankruptcy Code provides that '[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . for cause[.]'" *In re Anderson,* 670 B.R. 528, 557 (Bankr. S.D. Ohio May 19, 2025) (quoting 11 U.S.C. § 362(d)(1)). As noted above, courts within the Sixth Circuit generally consider several factors when determining whether or not "cause" exists to lift the automatic bankruptcy stay pursuant to section 362(d)(1), including: "'1) judicial economy; 2) trial readiness; 3) the resolution of preliminary bankruptcy issues; 4) the creditor's chance of success on the merits; and 5) the cost of defense or other potential burden to the bankruptcy estate and the impact . . . on other creditors.'" *In re Anderson*, 670 B.R. at 558 (quoting *Garzoni v. K-Mart Corp. (In re Garzoni)*, 35 F. App'x 179, 181 (6th Cir. 2002)); *see also In re Martin*, 542 B.R. 199, 202 (B.A.P. 6th Cir. 2015) (applying those factors); *Junk v. CitiMortgage, Inc. (In re Junk)*, 512 B.R. 584, 607 (Bankr. S.D. Ohio 2014)

3

(same).

In its opposition, Sidley has asserted instead that a twelve-part test from the Second Circuit applies when a court is determining whether or not "cause" exists to lift the automatic bankruptcy stay. Opposition Brief, at p. 3 (citing *In re Sonnax Industries, Inc.*, 907 F.2d 1280 (2d Cir. 1990)). However, Courts within the Sixth Circuit routinely rely upon the *Garzoni* factors enumerated above when determining whether "cause" exists to lift the automatic stay. *In re Jackson*, 2025 Bank. LEXIS 1455, at *32 (Bankr. E.D. Mich. June 17, 2025)(applying the six *Garzoni* factors and finding that "cause" exists to lift stay); *In re Crigler*, 2025 U.S. Dist. LEXIS 141020, at *5-8 (E.D. Mich. July 23, 2025)(finding that the bankruptcy court properly weighed the *Garzoni* factors and did not err in lifting the automatic stay); *In re Anderson*, 670 B.R. 528, 558 (Bankr. S.D. Ohio May 19, 2025) (applying the *Garzoni* factors and finding that relief from the stay was appropriate); *In re Privett*, 557 B.R. 580, 586-87 (same).

Despite its application of the incorrect standard, Grand River responds to each of Sidley's arguments within its application of the *Garzoni* elements, below. In short, Sidley ignores the reality of the status of the underlying State Action and discounts the judicial economy served by lifting the automatic stay.

### i. Judicial economy weighs in favor of lifting the stay.

With respect to the initial factor, judicial economy and trial readiness, courts have found that "'[w]here the stayed non-bankruptcy litigation has reached an advanced stage, courts have shown a willingness to lift the stay to allow the litigation to proceed.'" *In re Anderson*, 670 B.R. at 558 (quoting *IBM v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.)*, 938 F.2d 731, 737 (7th Cir. 1991) (cleaned up)). Indeed, these courts have recognized that judicial economy is promoted by lifting the stay in such circumstances because "'the further along the

litigation, the more unfair it is to force the plaintiff suing the debtor-defendant to duplicate all of its efforts in the bankruptcy court.'" *Id.* (quoting *In re Fernstrom Storage & Van Co.*, 938 F.2d at 737).

Sidley's contention this factor weighs against lifting the stay relies upon its continued, and erroneous, argument that "little of substance has been accomplished" in the underlying State Action since it was filed in February, 2024. Indeed, during that the time the parties have closed the pleadings, Defendants' Motions to Dismiss were briefed and denied, and the parties have undergone written discovery. To that end, Sidley recently produced over 40,000 pages of documents just before it filed this Bankruptcy action. Within that production was an asset purchase agreement between Sidley and SRM which is highly relevant to Grand River's claims that Sidley has breached the underlying JVA. At this point, the parties must conduct depositions, engage in dispositive motion briefing, and have a trial of the surviving claims. But, the contention that "little of substance has been accomplished" ignores the important steps that the State Action has undergone.

Lifting the stay would promote judicial economy by allowing the court with the appropriate background and knowledge of the matter, the Lake County Court of Common Pleas, to continue its oversight of the State Action.

### ii. Trial readiness weighs in favor of lifting the automatic stay.

As noted above, substantial discovery in the State Action occurred prior to Sidley's removal of this matter. Lifting the automatic stay would allow the parties to complete that work and move the State Action toward dispositive motion practice or toward trial. But, as noted above, the matters in the State Action have been crystalized and the production of the Asset Purchase Agreement between Sidley and SRM will allow the parties to easily complete the remaining

5

litigation to prepare this matter for trial.

In contrast, Sidley contends that lifting the automatic stay would only allow for a partial resolution of the issues here. However, Sidley's position is unsupported by any law. Indeed, Sidley points to *In re Newell*, as support for its position that lifting the automatic stay is inappropriate because that result would still leave outstanding issues related to the allowance or disallowance of Grand River's claims. Opposition Brief, at p. 4 (citing *In re Newell*, 424 B.R. 730, 737 (Bankr. E.D. NC Feb. 25, 2010)). Sidley ignores that the *In re Newell* court was analyzing the question of whether or not to grant permissive abstention and its analysis was not relevant to the question of whether or not to lift the automatic bankruptcy stay.[1] Further, completing litigation related to the State Action will inform the bankruptcy proceeding by establishing exactly what damages are owed by Sidley.

Grand River has requested that this Court lift the automatic stay whether or not it grants Grand River's Motion for Remand. Should the Court deny Grand River's Motion for Remand, lifting the stay and allowing the parties to complete their litigation within the bounds of the adversarial proceeding would still allow for the parties to efficiently move the claims from the State Action toward their final disposition.

Similarly, Sidley's contention that the automatic should not be lifted because no specialized tribunal has been established to hear the underlying State Action fails. Sidley acknowledges that

---

[1] The language that Sidley cites to, in its totality, makes clear that the Court's analysis in *In re Newell* was specific to the issue of permissive abstention: "As to the ninth factor, the plaintiffs suggest that remanding the lawsuits to state court would decrease the burden on the bankruptcy court's docket. In opposition, the debtor points out that adjudicating these matters in the bankruptcy court will not substantially increase the burden on the bankruptcy court's docket because remanding the proceedings will not eliminate the need for bankruptcy proceedings related to the allowance or disallowance of the plaintiffs' claims. … Based on its analysis of the above, the court finds that the factors weigh against voluntary abstention." *In re Newell*, 424 B.R. at 737. The application of that language to the issue of lifting the stay is dubious, at best.

"'this Court regularly determines issues under Ohio law.'" Opposition Brief, at p. 5 (quoting *In re Motil*, 2022 Bankr. LEXIS 2432, at *9 (Bankr. N.D. Ohio Sept. 1, 2022)). Therefore, if the automatic stay is lifted but the Motion for Remand is denied, this Court has the capability to oversee the continued litigation of the claims made in the State Action. And, if this Court grants the Motion for Remand, then the State Action will be sent back to the Lake County Court of Common Pleas which is the original court with jurisdiction and which has specialized knowledge about the facts and claims made in the State Action.

Finally, lifting the stay would allow the State Action to proceed not just against Sidley, but against third party, SRM. Sidley notes that SRM has consented to the bankruptcy court's jurisdiction over the Adversary Proceeding, but then, in a puzzling manner, scratches that fact as a reason to continue the automatic stay. In effect, should this Court deny Grand River's Motion for Remand, then the parties to the State Action will all be before this Court in the Adversary Proceeding and lifting the automatic stay would allow Sidley, SRM, and Grand River to complete the necessary litigation tasks remaining.

These factors and issues weigh heavily in favor of lifting the automatic stay.

### iii. The resolution of preliminary bankruptcy issue.

Sidley filed its Voluntary Petition for Chapter 11 bankruptcy on July 2, 2025. There appear to be no preliminary bankruptcy issues that require resolution before the automatic stay could be lifted to allow litigation to resume of the claims in the underlying State Action. Sidley's opposition does not address this *Garzoni* factor and Sidley makes no argument that preliminary bankruptcy issues exist that preclude the automatic stay from being lifted. Therefore, this factor weighs in favor of lifting the automatic stay.

### iv. the creditor's chance of success on the merits.

7

25-12797-jps    Doc 219    FILED 11/10/25    ENTERED 11/10/25 15:39:03    Page 7 of 13

With respect to this factor, "all that is required is that the movant make more than a vague showing that he can establish a prima facie case." *In re Anderson*, 670 B.R .at 558. Effectively, the movant does not need to **prove** the expected success of their claims. Instead, " '[e]ven a slight probability of success on the merits may be sufficient to support lifting an automatic stay in an appropriate case.'" *Id.* (quoting *Am. Airlines, Inc. v. Cont'l Airlines, Inc. (In re Cont'l Airlines, Inc.)*, 152 B.R. 420, 426 (D. Del. 1993). Here, Grand River has demonstrated that it is likely to be successful on its claims with its defeat of Sidley and SRM's Motions to Dismiss.

Further, Sidley's argument that lifting the stay is not appropriate because it is not a fiduciary of Grand River misses the mark entirely. The trial court in the State Action specifically noted in its Order denying the Motions to Dismiss that while it agreed that the parties did not enter into a partnership under the Joint Venture Agreement, the "principles of partnership law generally govern such relationships. … At this early stage in these proceedings, therefore, the court cannot say that the plaintiff's reliance on R.C. 1776 is entirely unfounded." *See Order* (Doc. 1-26 in Case No. 25-01071-jps). Thus, Grand River has credibly alleged that Sidley was a "fiduciary" and that a "fiduciary" relationship between Grand River and Sidley existed. Undoubtedly, this issue would be the subject of further litigation and lifting the stay and allowing the parties to complete litigation on the State Action is appropriate. By Sidley's own admission, this weighs in favor of lifting the automatic stay.

> **v. the cost of defense or other potential burden to the bankruptcy estate and the impact on other creditors.**

The State Action asserts claims for damages against both Sidley and SRM. When Grand River obtains the order for specific performance to purchase Sidley/SRM's interest in the Joint Venture, Sidley will not be entitled to any of those proceeds. The only potential impact from the State Action on these proceedings will be the judicial determination of the monetary damages

Sidley owes to Grand River for its breach of contract and breach of fiduciary duty claims. The State Action represents a set of pre-petition claims and damages that will exist no matter whether the claims in the State Action are litigated within the Adversarial Proceeding or in the Lake County Court of Common Pleas after remand. Further, these claims will need to be liquidated as a part of Sidley's Chapter 11 bankruptcy proceeding. Therefore, the claims in the underlying State Action will need to be litigated at some point.

In effect, lifting the stay now and allowing the parties to litigate the claims in the underlying State Action would not prejudice the interests of other creditors as it would speed up the process of determining the merit of such claims and their related damages. *In re Anderson*, 670 B.R. at 564. As the *In re Anderson* court noted, "[e]stimation … would require substantial time, preparation by the parties, and judicial resources—all in an attempt to divine how the State Court would decide a matter that it is already prepared to decide. Given that the State Case was nearly ready for trial before removal, the duplicative work of estimation would be pointless when liquidation—that is, the determination of the actual amount of [creditor's] claim—will occur in due course following remand." *Id.* The same point stands here with regard to lifting the automatic stay. Allowing the parties to litigate the claims in the underlying State Action would result in the most efficient method in disposing of those claims. This would necessarily benefit the other creditors by finalizing the actual amount of damages that are owed by Sidley.

Finally, Grand River believes that it would be in a position to efficiently move for summary judgment on its claims, which vastly reduces the expense of litigation that will occur once the stay is lifted. In effect, where it can be done efficiently, "[d]etermining a debtor's liability first makes sense[.]" *In re Anderson*, 670 B.R. at 565. This would not distract Sidley, nor would it interfere with the main bankruptcy action, because lifting the stay would not force Sidley to entertain new

9

litigation. Instead, it would simply allow the parties to complete the litigation of the underlying State Action that has been pending since February, 2024.

**III.     Conclusion.**

For the foregoing reasons, Plaintiff, Grand River requests that this Court enter an order lifting the automatic bankruptcy stay to allow the parties to complete their work on the State Action.

Respectfully Submitted,

*/s/ Grant J. Keating*
Grant J. Keating, Esq. (#79381)
Erik L. Walter, Esq. (#78988)
Richard N. Selby, Esq. (#59996)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 S. Park Place
Painesville, Ohio 44077
440-352-3391 || 440-352-3469
ewalter@dworkenlaw.com
gkeating@dworkenlaw.com
rselby@dworkenlaw.com
*Attorneys for Plaintiff/Creditor*
*Grand River Asphalt Co.*

# CERTIFICATE OF SERVICE

I certify that on November 10, 2025, a copy of the foregoing Plaintiff's Reply in Support of Motion for Relief from Stay was served: via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

Susan M. Argo on behalf of Creditor Volvo Financial Services, a division of VFS US LLC
sargo@brickergraydon.com

Kerri N. Bruckner on behalf of Creditor Volvo Financial Services, a division of VFS US LLC
kbruckner@brickergraydon.com

Sterling Coleman-Selby on behalf of Creditor Central States, Southeast & Southwest Areas Pension Fund
scoleman@centralstatesfunds.org, lawclerk@centralstatesfunds.org

Andrew A. Crampton on behalf of Creditor Iron Workers Local 17
acrampton@tuckerlaw.com, lbuckreis@tuckerlaw.com

Andrew A. Crampton on behalf of Interested Party Iron Workers Local 17 Fringe Benefit Funds, Inc.
acrampton@tuckerlaw.com, lbuckreis@tuckerlaw.com

David M. Cuppage on behalf of Creditor Melzer's Fuel Service, Inc.
dmc@mccarthylebit.com, cjthon@climacolaw.com

Anthony J. DeGirolamo on behalf of Debtor R.W. Sidley Inc.
tony@ajdlaw7-11.com, amber@ajdlaw7-11.com;G23630@notify.cincompass.com

Robert C. Folland on behalf of Creditor SRM Ready Mix Concrete, LLC
Rob.Folland@btlaw.com, rcfolland@gmail.com;theresa.griffith@btlaw.com

Robert A. Hager on behalf of Defendant R.W. Sidley, Inc.
rahager@bmdllc.com, shorvath@bmdllc.com

Grant J. Keating on behalf of Plaintiff Grand River Asphalt Co.
gkeating@dworkenlaw.com, mzimmer@dworkenlaw.com

John F. Kostelnik on behalf of Creditor Medical Mutual Services L.L.C.
jkostelnik@frantzward.com, docketing@frantzward.com

Joseph D. Mando on behalf of Creditor Building Material Drivers Local 436 Pension Fund
mando@fhplaw.com, linda@fhplaw.com

Joseph D. Mando on behalf of Creditor Teamsters Local Union No. 436
mando@fhplaw.com, linda@fhplaw.com

Michaela McInerney on behalf of Creditor Pension Benefit Guaranty Corporation
mcinerney.michaela1@pbgc.gov

Kimberly E. Neureiter on behalf of Creditor Pension Benefit Guaranty Corporation
neureiter.kimberly@pbgc.gov

Christopher Niekamp on behalf of Creditor V.L. Chapman Electric, Inc.
cniekamp@bdblaw.com

Daniel James Rudary on behalf of Defendant R.W. Sidley, Inc.
djrudary@bmdllc.com

Rodd A. Sanders on behalf of Creditor Shelly Materials, Inc.
rsanders@sklawllc.com

Frederic P. Schwieg on behalf of Creditor Grand River Asphalt Co.
fschwieg@schwieglaw.com

Richard N. Selby, II on behalf of Plaintiff Grand River Asphalt Co.
rselby@dworkenlaw.com, mzimmer@dworkenlaw.com

Elizabeth L. Slaby on behalf of Creditor V.L. Chapman Electric, Inc.
bslaby@bdblaw.com, alambert@bdblaw.com

Jonathan Sobel on behalf of Creditor Building Material Drivers Local 436 Pension Fund
sobel@fhplaw.com

Jonathan Sobel on behalf of Creditor Teamsters Local Union No. 436
sobel@fhplaw.com

Naomi G Tellez on behalf of Creditor Medical Mutual Services L.L.C.
ntellez@frantzward.com

James C. Thoman on behalf of Creditor Seibel Modern Manufacturing and Welding Corporation
jthoman@hodgsonruss.com, cnapiers@hodgsonruss.com;mheftka@hodgsonruss.com

Erik Lee Walter on behalf of Plaintiff Grand River Asphalt Co.
ewalter@dworkenlaw.com, mstokes@dworkenlaw.com

Keith D. Weiner on behalf of Creditor State of Ohio, Jobs and Family Services
bankruptcy@weinerlaw.com

Joseph M. Zeglen on behalf of Creditor Leppo Inc. dba Leppo Rents
jmzeglen@frontier.com

Julie K. Zurn on behalf of Creditor Frenchs' Concrete
jzurn@ralaw.com, llawrence@ralaw.com; skenna@ralaw.com

Amy Good ust08 on behalf of U.S. Trustee United States Trustee
amy.l.good@usdoj.gov

*/s/ Grant J. Keating*
Grant J. Keating, Esq. (#79381)
**DWORKEN & BERNSTEIN CO., L.P.A.**
*One of the Attorneys for Plaintiff*
*Grand River Asphalt Co.*
